UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case No. 1:11-CR-234

v.                                          Hon. Robert J. Jonker

ROBERT EUGENE SECORD,

                Defendant.

_____/

## PLEA AGREEMENT

This constitutes the plea agreement between ROBERT EUGENE SECORD (defendant) and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Plea to Count 4 of the Indictment</u>. The defendant agrees to plead guilty to Count 4 of the Indictment, which charges the defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1), 921(a).

2.     <u>The Defendant Understands the Crime</u>. In order for the defendant to be guilty of violating Title 18, United States Code, Sections 922(g)(1) and 921(a), the following must be true: (1) that the defendant is a person who had been convicted of an offense punishable by imprisonment for a term exceeding one year under the laws of the State of Michigan; (2) that, subsequent to being convicted of an offense described in the first element, in or about August 2009, in Ingham County, Michigan, the defendant knowingly possessed the following firearm: a .357 magnum caliber Smith and Wesson revolver, model 60-15, serial number DAP8146; and (3) that the firearm traveled in and affected interstate commerce in that the weapon was

manufactured outside the state of Michigan (*i.e.* Massachusetts). The defendant is pleading guilty because he is guilty of the charge described above.

3.    <u>The Defendant Understands the Penalty</u>. The defendant acknowledges that he is subject to the enhanced penalties provided in Title 18, United States Code, Section 924(e)(1), because the defendant has been convicted of three or more violent felonies and/or serious drug offenses. Accordingly, the defendant is subject to a sentence of at least fifteen years' up to life imprisonment; up to a five-year period of supervised release; a fine of up to $250,000; and a mandatory special assessment of $100. The defendant agrees to pay the special assessment at or before the time of sentencing unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.    <u>Probation/Parole</u>. The defendant understands that if the defendant is presently on probation or parole in another case, the conviction in this case may result in revocation of such probation or parole.

5.    <u>Defendant Understands Supervised Release</u>. Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory minimum stated above.

6.    <u>Cooperation in Criminal Investigations</u>. The defendant agrees to fully cooperate with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in

this Indictment as well as the investigation of crimes over which they have actual or apparent jurisdiction.  The defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the defendant's control, including, but not limited to, objects, documents, and photographs.  The defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the defendant should reasonably know will assist in the investigation of other criminal activity.  The defendant will not commit any criminal offense during the course of his cooperation with the United States.  The defendant will submit to polygraph examination(s) upon request.  The defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

      7.     <u>The Promises of the United States Attorney's Office</u>:

        A.     <u>Dismissal of Counts 1-3 and 5-12 of the Indictment</u>.  The United States Attorney's Office agrees to move to dismiss Counts 1-3 and 5-12 of the Indictment against the Defendant at the time of sentencing.  The Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable United States Sentencing Guidelines ("the Guidelines") range, where the sentence should fall within the

3

applicable Guidelines range, and the propriety of any departure from the calculated Guidelines range. By this agreement the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

      B.    <u>Acceptance of Responsibility</u>.    The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government states that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

      C.    <u>On the use of cooperation information</u>. The United States Attorney's Office also agrees that the information the defendant provides pursuant to a proffer, and any information to be provided pursuant to the defendant's promise to cooperate as described in this agreement, will not be used by the government to enhance the defendant's sentence pursuant to Guideline Section 1B1.8 and subject to the terms of the written proffer agreement entered into between the parties.

      D.    <u>Additional Charges</u>. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against the defendant in the Western District of Michigan arising out of his procurement, possession, and transfer of firearms in

August 2009.  The defendant shall remain subject to prosecution for any criminal activity he has

failed to disclose to the Government prior to the date of this agreement.  This promise of

non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including

conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

      E.     <u>Charges Against Defendant's Wife</u>.  The U.S. Attorney's Office agrees

not to bring criminal charges against Jennifer Secord, the Defendant's wife, arising out of the

procurement, possession, and transfer of the firearms listed in the indictment in this case,

provided, however, Jennifer Secord agrees to continue to cooperate according to the terms of a

separate agreement entered into between the United States and Jennifer Secord.

      F.     <u>On the possibility of a departure or reduction for cooperation</u>.  The U.S.

Attorney's Office will decide whether to file a motion for departure or reduction of sentence

pursuant to Sentencing Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the

Federal Rules of Criminal Procedure.  The defendant fully understands that such a motion may

be made pursuant to law if, and only if, the defendant fully cooperates with the government and

materially and substantially assists the government in the investigation or prosecution of others.

The determinations of whether the defendant has provided substantial assistance to the United

States, or to designated state or local law enforcement authorities, and of which type of motion to

file, will be made in the sole discretion of the U.S. Attorney's Office.  The defendant fully

understands that this paragraph is not a promise by the government to file a motion for departure

or to reduce a sentence.  Additionally, the defendant understands that, even if such a motion were

filed, the Court has complete discretion to grant or deny the motion.  Furthermore, if the Court

were to grant the motion, the Court—not the government—would decide how much of a

5

departure or sentence reduction the defendant receives based upon the nature and extent of the

defendant's assistance.  In this case, the Government does promise to waive any applicable

mandatory minimum should it decide to file a motion for downward departure pursuant to

U.S.S.G. 5K1.1 or Rule 35(b) of the Federal Rules of Criminal Procedure.  The Defendant

acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting

or denying a motion for departure or reduction of sentence, if such a motion is made.

8.     The Sentencing Guidelines.  The defendant understands that, although the

Guidelines are not mandatory, the Court must consult the Guidelines and take them into account

when sentencing the defendant.  The defendant understands that the Court, with the aid of the

presentence report, will determine the facts and calculations relevant to sentencing.  The

defendant understands that the defendant and the defendant's attorney will have the opportunity

to review the presentence report and to make objections, suggestions, and recommendations

concerning the calculation of the Guideline range and the sentence to be imposed.  The defendant

further understands that the Court shall make the final determination of the Guideline range that

applies in this case, and may impose a sentence within, above, or below the Guideline range,

subject to the statutory maximum and minimum penalties described elsewhere in this agreement.

The defendant further understands that disagreement with the Guideline range or sentence shall

not constitute a basis for withdrawal of the plea.

9.     Waiver Of Constitutional Rights.  By pleading guilty, the defendant gives up the

right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the

Court.  As a result of the defendant's guilty plea, there will be no trial.  At any trial, whether by

jury or by the Court, the defendant would have had the following rights:

6

A.      The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

B.      The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

C.      The right to confront and cross-examine witnesses against the defendant.

D.      The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

E.      The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.  The Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

10.      <u>Waiver of Appeal and Collateral Attack</u>.  The Defendant understands that the law affords the Defendant the right to appeal the sentence imposed.  Acknowledging this, the Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742.  The Defendant retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range.  In addition, the Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based

7

upon an unconstitutional factor, such as race, religion, national origin, or gender.  The Defendant

acknowledges that this waiver is in exchange for the substantial concessions made by the United

States Attorney's Office in this plea agreement.  The Defendant also waives the right to challenge

such a sentence and the manner in which it was determined in any collateral attack, including but

not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a

challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary

or the product of ineffective assistance of counsel).  This agreement does not affect in any way

the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

     11.    <u>The Court Is Not A Party To This Agreement</u>.  The defendant understands that the

Court is not a party to this agreement and is under no obligation to accept any recommendation

by the United States Attorney's Office or the parties regarding the sentence to be imposed.  The

defendant further understands that, even if the Court ignores such a recommendation and/or

imposes any sentence up to the maximum established by statute, the defendant cannot, for that

reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this

agreement.  The defendant understands that no one – not the prosecutor, the defendant's attorney,

nor the Court – can make a binding prediction or promise regarding the sentence the defendant

will receive, except that it will be equal to or less than the statutory maximum term of

imprisonment.

     12.    <u>Agreement Limited to Parties</u>.  This agreement is limited to the United States

Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or

local prosecuting, administrative or regulatory authorities.  This agreement applies only to crimes

committed by the defendant.  This agreement does not apply to any pending forfeiture

proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

14.    Breach of the Agreement.  If the defendant breaches any provision of this

agreement, whether before or after sentencing, the United States shall have the right to terminate

this agreement or deny any and/or all benefits to which the defendant would otherwise be entitled

under the terms of this agreement.  In the event that the United States elects to terminate the

agreement, the agreement shall be considered null and void, and the parties shall return to the

same position they were in prior to the execution of this agreement, as though no agreement ever

existed.  In such an event, the defendant shall remain liable for prosecution on all original

charges, and the United States shall be free to bring such additional charges as the law and facts

warrant.  The defendant further agrees to waive and forever give up his right to raise any claim

that such a prosecution is time-barred if the prosecution is brought within one year of the breach

that gives rise to the termination of this agreement.

14.    Complete Agreement.  This agreement has been freely, knowingly, and

voluntarily entered into by both sides, it incorporates the complete understanding between the

parties, and no other promises have been made.  Nor may any additional agreements,

understandings or conditions be entered into unless in a writing signed by all parties or on the

record in open court.

DONALD A. DAVIS
United States Attorney

1-11-12
_____
Date

RUSSELL A. KAVALHUNA
Assistant United States Attorney

9

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____1-9-12_____
Date

ROBERT EUGENE SECORD
Defendant


I am Robert Eugene Secord's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____1/9/12._____
Date

HELEN NIEUWENHUIS
Attorney for Defendant

10